## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
### Eastern Division
Civil Division

| | |
|---|---|
| **CAPITAL CITY FRENCHIES, LLC** <br> 2394 Cleveland Avenue <br> Columbus, Ohio 43211 <br><br> AND <br><br> **BLAIR TALBOT** <br> 2394 Cleveland Avenue <br> Columbus Oh 43211 <br><br> AND <br><br> **TOY FRENCHIES, LLC** <br> 384 Mogul Drive <br> Columbus, OH 43119 <br><br> AND <br><br> **QUINCY CROFT**, minor child by and Through his next friend and kin <br> **BLAIR TALBOT** <br> 2394 Cleveland Avenue <br> Columbus, Ohio 43211 <br><br> _____ <br><br> v. <br><br> **CITY OF COLUMBUS** <br> c/o Columbus City Attorney's Office <br> 77 North Front Street <br> Columbus, Ohio 43215 <br><br> and <br><br> **FRANKLIN COUNTY BOARD OF COMMISSIONERS** <br> c/o Franklin County Commissioners <br> 373 S. High Street, 26th Floor <br> Columbus, Ohio 43215 | **COMPLAINT** <br><br> Case No. 25-1301 <br><br> Judge <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **JURY DEMAND ENDORSED HEREON** |

|  | : |
| --- | --- |
| and | : |
|  | : |
| **COLUMBUS HUMANE** | : |
| 3015 Scioto Darby Executive Ct. | : |
| Hilliard, OH 43026 | : |
|  | : |
|  | : |
| **And** | : |
|  | : |
|  | : |
| **JOHN DOE CITY OF COLUMBUS** | : |
| **POLICE OFFICERS** | : |
| **NAMES UNKNOWN** | : |
| Addresses Unknown | : |
|  | : |
| and | : |
|  | : |
| **JOHN DOE CITY OF COLUMBUS** | : |
| **POLICE SUPERVISORS** | : |
| **NAMES UNKNOWN** | : |
| Addresses Unknown | : |
|  | : |
| **And** | : |
|  | : |
| **JOHN DOE FRANKLIN COUNTY** | : |
| **OFFICERS** | : |
| **NAMES UNKNOWN** | : |
| Addresses Unknown | : |
|  | : |
| and | : |
|  | : |
| **JOHN DOE FRANKLOIN COUNTY** | : |
| **SHERIFF** | : |
| **SUPERVISORS** | : |
| **NAMES UNKNOWN** | : |
| Addresses Unknown | : |
|                                 Defendants. | : |
| _____ | : |

*Factual Background – Parties and Events*

1. Capital City Frenchies is a limited liability corporation incorporated under the laws of the state of Ohio and doing business in and around Franklin County for the purpose of caring for, breeding, welping and selling French bulldogs.

2

2. Plaintiff Blair Talbot is an individual residing in Columbus, Ohio and is the principle member of Capital City Frenchies.

3. Plaintiff Toy Frenchies is a limited liability corporation incorporated under the laws of the state of Ohio for the purpose of caring for, breeding, welping and selling French Bulldogs.

4. Plaintiff Quincy Croft is the minor child of Blair Talbot and is a resident of Columbus, Ohio.

5. Defendants City of Columbus and Franklin County Board of Commissioners are governmental agencies; Columbus Humane is a non-profit corporation; Columbus City Police Officers; Defendants John Doe Police Supervisors, John Doe Franklin County Officers and John Doe Franklin County Supervisors, are employees of the City of Columbus and Franklin County whose names and addresses are unknown at the time of filing and whose names and addresses could not be discovered with reasonable efforts at the time of filing.

6. Plaintiffs Capital City Frenchies and Blair Talbot were at all times relevant the owners of 27 French bulldogs, housed and care for in their kennels on Cleveland Avenue.

7. Plaintiff Toy Frenchies co-owned 11 of the 27 French bulldogs.

8. In the early morning hours of November 7, 2024, Blair Talbot and her minor child Quincy Croft were at their home on Cleveland Avenue in Columbus, Ohio.

9. Columbus police officers and/or Franklin County Sheriff's department officers broke down their door and pulled Plaintiff Talbot from her bed; she was clothed only in undergarments.

10. Multiple officers from both the City of Columbus and Franklin County entered Plaintiff's residence and began turning over furniture and items.

11. Multiple officers from both the City of Columbus and Franklin County entered the property.

12. City and county officers handcuffed Plaintiff Talbott and took her outside in her undergarments, leaving her, barely clothed, standing in the cold by a cruiser for almost an hour.

13. City and county officers eventually placed Ms. Talbot in the back of a cruiser.

14. Ms. Talbot's six-year old child Quincy Croft was on the couch inside watching officers ransack his house; he could not get to his mother but he could see her outside in her undergarments, handcuffed and unable to get to him.

15. During this raid, the Franklin County officers and Columbus Humane confiscated all 27 of Plaintiffs' dogs without probable cause.

16. Plaintiffs were able to regain possession of 12 of the dogs later that same day.

17. Columbus Humane retained possession of the remaining 15 dogs; Plaintiffs were not able to regain possession of these dogs until after a probable cause hearing six days later.

18. One of the dogs in the possession of the Humane Society for six days was a pregnant female.

19. The pregnant female dog gave birth to six puppies during the time between the arrest and the time when Plaintiffs could regain control of the mother canine upon a finding of no probable cause to retain the animals.

4

20. All six puppies died in the possession of Defendant Columbus Humane because Columbus Huamne failed to provide reasonable care for the puppies and failed to use reasonable skill and care in welping the puppies.

21. Additionally, two other puppies owed by Plaintiffs died in the care of Defendant Columbus Humane because defendant failed to provide reasonable care for the puppies.

***First Cause of Action – 42 U.S.C. 1983 – Premised on the Fourth, Fifth and Fourteenth Amendments – Wrongful Taking of Personal Property without Due Process of Law – as to Defendant City of Columbus and Franklin County Commissioners and unknown John Does***

22. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in the paragraphs above.

23. Defendants, acting under color of law, wrongfully seized all of Plaintiffs' animals with no probable cause to do so.

24. The animals subsequently died in the custody of the defendants.

25. As a direct and proximate result of Defendants' actions, Plaintiffs suffered financial losses, lost income, and past, and future mental suffering, anxiety, emotional trauma, mental anguish, stress, loss of enjoyment and reduction in quality of life.


***Second Cause of Action – State Law Wrongful Imprisonment Claim – as to Defendants City of Columbus and Franklin County Commissioners and unknown John Does***

26. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in the paragraphs above.

27. Defendants did not have probable cause to believe Plaintiff Talbot should be arrested or committed any crime; Defendants nonetheless took steps to arrest Plaintiff, imprison Plaintiff unlawfully, maliciously, and without probable cause when

they handcuffed her, forced her to stand outside nearly naked in the cold next to a police cruiser for an hour and then inside of a police cruiser for several more hours..

28. Defendants' actions constitute wrongful imprisonment and were the direct and proximate cause of physical and psychological injuries and economic damages to the Plaintiff.

***Third Cause of Action – 42 U.S.C. 1983 - Excessive Force and Unreasonable Search and Seizure and Lack of Due Process – Violation of Fourth, Fifth and Fourteenth Amendments as Against Defendants City of Columbus and Franklin County Commissioners and Unknown John Does***

29. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in the paragraphs above.

30. Defendants, acting under color of state law, arrested Plaintiff with unnecessary, unlawful and malicious use of excessive force, thereby depriving her of her constitutional rights, when they cuffed her and forced her to stand outside for several hours in the cold.

31. Additionally, Defendants took Plaintiffs' property without probable cause and/or due process.

32. Plaintiffs later suffered the loss of their property when all of the puppies and two other dogs died in their custody.

33. Defendants' actions constitute wrongful arrest and were the direct and proximate cause of physical and psychological injuries and economic damages to Plaintiff.

***Fourth Cause of Action – 42 U.S.C 1983 – Fourth Amendment -False Imprisonment***

34. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in the paragraphs above.

6

35. Defendants did not have probable cause to believe Plaintiff Talbot had committed a crime.

36. Defendants, acting under color of state law, nonetheless imprisoned Plaintiff unlawfully, maliciously, and without probable cause when they handcuffed her and forced her to stand outside and then in a cruiser for several hours.

37. Defendants' actions constitute malicious prosecution and wrongful imprisonment and were the direct and proximate cause of physical and psychological injuries and economic damages to the Plaintiff.

### *Seventh Cause of Action –42 U.S.C 1983 – Fourth and Fourteenth Amendment - Failure to Train and Supervise as Against City County and Unknown Supervisors*

38. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in the paragraphs above.

39. Defendants City of Columbus and John Doe Police Supervisors and County Commissioners and John Doe County Supervisors, whose names are unknown and whose names could not be discovered with reasonable efforts at the time of filing, were responsible for training the Defendant Police Officers and County Officers in proper police procedures, arrest methods, appropriate levels of force, concepts of probable cause and proper procedures for communicating and interacting with the public.

40. Defendants negligently, wantonly, and with reckless disregard for the safety of others, failed to properly train and supervise officers, including unknown police officers involved in the arrest Plaintiff Talbot.

41. Defendants' negligent, wanton and reckless failure to properly train caused serious harm to Plaintiff when their subordinates, namely Defendant Police and

7

County, Officers used excessive force and caused Plaintiff to be arrested and imprisoned without probable case.

42. Further, Defendants' training program in arrest techniques and probable cause is so inadequate that its implementation amounts to deliberate indifference.

43. Defendants, acting under color of state law, exhibited deliberate indifference to the Plaintiff's right to be free of unreasonable and unlawful arrest, incarceration and prosecution pursuant to the Fourth Amendment and his substantive due process rights under the Fourteenth Amendment, because their failure to train and properly supervise their subordinates proximately caused an arrest conducted with excessive force, causing Plaintiff significant and severe physical and emotional pain and injury.

44. This lack of policy and procedure amounts to deliberate indifference as Defendants knew or should have known that their failure to train and supervise would result in constitutional violations and/or were on notice of prior constitutional violations caused by the lack of training in arrest techniques and understanding probable cause.

45. The lack of policy and procedure regarding proper arrest technique and understanding probable cause and/or the failure to properly train officers in such concepts is the direct and proximate cause of Plaintiffs' claimed injuries and damages.

46. Additionally, Defendant supervisors were aware of the other officers' propensity to act outside the bounds of their constitutional authority as noted above and did nothing and are therefore liable in their individual capacities for violating Plaintiff's clearly-established constitutional rights.

47. Defendants at the very least implicitly authorized, approved of or knowingly acquiesced in their subordinates' violations of Plaintiff's constitutional rights and are therefore liable in their individual capacities.

***Eighth Cause of Action – Negligence/Veterinary Malpractice as to Columbus Humane***

48. Defendant Columbus Humane took control and custody of Plaintiffs' property, namely the wrongfully-seized canines described above.

49. As the custodian of Plaintiffs' property, Defendant had a duty to act with reasonable care for the preservation of that property.

50. Defendant failed to act with reasonable care or neglected entirely its duty of care to Plaintiffs by failing to take the proper and reasonable measures to preserve the lives of the puppies born into its care and exercise proper welping techniques to ensure viability; additionally, Defendants failed to exercise reasonable care to preserve the lives of two additional puppies belonging to Plaintiffs.

51. As a result of Defendants' failure to exercise reasonable care, eight puppies belonging to Plaintiffs died and Plaintiffs suffered financial damages as a result.

***Ninth Cause of Cause of Action - Intentional Infliction of Emotional Distress – as to All Defendants***

52. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in the paragraphs hereinabove.

53. Defendants engaged in an intentional and malicious course of conduct, including the use of excessive force, false imprisonment, false arrest and and wrongful taking of property without due process.

9

54. In engaging in this conduct, Defendants either intended to cause emotional distress to Plaintiff Talbot and her young son Quincy Croft or knew or should have known that their actions would result in serious emotional distress to the Plaintiffs.

55. Defendants' conduct was so extreme and outrageous as to exceed all possible bounds of decency.

56. Defendants' conduct proximately caused Plaintiffs to sustain severe emotional distress and psychological injuries.

57. Plaintiff's injuries are such that no reasonable person could be expected to endure them.

**WHEREFORE,** Plaintiffs demand judgment against each of the respective Defendants, jointly and severally, for compensatory damages in order to be fully, fairly and completely compensated for the damages and injuries caused by Defendants' tortious conduct, for the cost of this action, attorneys' fees, for prejudgment and post-judgment interest according to law, punitive damages and for such further relief as this court deems appropriate and proper under the circumstances.

Dated: November 7, 2025

/s/ Jessica L. Olsheski_____
Jessica L. Olsheski, Esq. (0078063)
Email: jessica.olsheski@justice-law.net
Olsheski Law Co., LPA
600 East Broad Street
Columbus, Ohio  43215
Tele: (614) 252-5500
Fax: (614) 252-5058
Attorney for Plaintiffs

### *JURY DEMAND*

Plaintiff demands a jury to hear and decide all issues of fact raised in this proceeding.

/s/ Jessica L. Olsheski
Jessica L. Olsheski, Esq.